J-S11025-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TERRANCE EDWIN PRATT | : | |
| | : | |
| Appellant | : | No. 810 WDA 2020 |

Appeal from the PCRA Order Entered July 10, 2020,
in the Court of Common Pleas of Fayette County,
Criminal Division at No(s): CP-26-CR-0000937-2016.

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TERRANCE EDWIN PRATT | : | |
| | : | |
| Appellant | : | No. 811 WDA 2020 |

Appeal from the PCRA Order Entered July 10, 2020,
in the Court of Common Pleas of Fayette County,
Criminal Division at No(s): CP-26-CR-0000938-2016.

BEFORE: STABILE, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED: JULY 8, 2021**

In these consolidated, *pro se* appeals, Terrance Edwin Pratt asserts that

the court erred in denying his second petition for relief filed pursuant to the

---

[*] Retired Senior Judge assigned to the Superior Court.

Post Conviction Relief Act ("PCRA") at two different dockets. 42 Pa.C.S.A. §§ 9541-46. We affirm.

The Commonwealth charged Pratt with multiple drug and firearm-related charges at the above dockets. Although the dockets were consolidated below, for whatever reason, at separate trials, a jury convicted Pratt of multiple charges at both dockets. At Case 937 of 2016, the trial court sentenced Pratt to an aggregate term of one to three years of incarceration. At Case 938 of 2016, the trial court sentenced Pratt to an aggregate term of two to four years of incarceration.

Pratt filed separate appeals. This Court affirmed Pratt's judgment of sentence at Case 938 of 2016 on January 31, 2018, and our Supreme Court denied his petition for allowance of appeal on July 9, 2018. **Commonwealth v. Pratt**, 183 A.3d 1101 (Pa. Super. 2018) (non-precedential decision), *appeal denied*, 189 A.3d 377 (Pa. 2018). We affirmed his judgment of sentence at Case 937 of 2016 on February 14, 2018, and our Supreme Court denied his petition for allowance of appeal on August 15, 2018. **Commonwealth v. Pratt**, 185 A.3d 1120 (Pa. Super. 2018) (non-precedential decision), *appeal denied*, 191 A.3d 742 (Pa. 2018). Pratt did not seek further review at either docket.

On March 11, 2019, Pratt filed a timely PCRA petition at Case 937 of 2016, and a timely PCRA petition at Case 938 of 2016 on March 21, 2019. In these petitions, Pratt alleged a constitutional violation, the ineffective assistance of counsel, and the unavailability at the time of trial of exculpatory

evidence. The PCRA court appointed the same attorney at each docket. After being granted an extension, PCRA counsel filed a motion to withdraw and a no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) at both dockets.

On September 9, 2019, at each docket, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Pratt's PCRA petition without a hearing. That same day, the PCRA entered an order granting PCRA counsel's motion to withdraw. By order entered September 30, 2019, the PCRA court denied the PCRA petitions. Pratt did not file an appeal at either docket.

On March 16, 2020, Pratt filed a second PCRA at Case 937 of 2016 (No. 810 WDA 2020). In this petition, he asserted that he now possessed exculpatory evidence that was unavailable at the time of his trial. On April 20, 2020, Pratt filed a second PCRA petition at 938 of 2016 (No. 811 WDA 2020). In this petition, he alleged the ineffective assistance of trial counsel.

On May 14, 2020, the PCRA court issued separate Rule 907 notices of its intent to dismiss Pratt's second PCRA petitions because the issues raised by Pratt had been previously litigated in Pratt's first PCRA petitions. ***See*** 42 Pa.C.S.A.§ 9544(a). Pratt filed a response at each docket. By order entered July 10, 2020, the PCRA court dismissed Pratt's second PCRA petitions. These timely appeals followed. Both Pratt and the PCRA court have complied with Pa.R.A.P. 1925.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012).

Before addressing the issues Pratt raises on appeal, we must first determine whether Pratt's second PCRA petitions were timely filed. The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met. The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231-233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). A PCRA petition invoking one of these statutory exceptions must be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). Finally, exceptions to the PCRA's time bar must be pled in the petition, and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a)

(providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Here, at No. 810 WDA 2020, Pratt's judgment of sentence became final on November 13, 2018, ninety days after our Supreme Court denied his petition for allowance of appeal and the time for filing a writ of *certiorari* to the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. Therefore, Pratt had until November 13, 2019, to file a timely petition. Because Pratt filed his second petition in 2020, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, *supra*.

At No. 811 WDA 2020, Pratt's judgment of sentence became final on October 9, 2018, ninety days after our Supreme Court denied his petition for allowance of appeal and the time for filing a writ of *certiorari* to the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. Therefore, Pratt had until October 9, 2019, to file a timely petition. Once again, because Pratt filed his second petition in 2020, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, *supra*.

Pratt has failed to plead and prove any exception to the PCRA's time bar. In his second petitions, Pratt did not acknowledge the PCRA's time restrictions or the exceptions thereto. Thus, the PCRA court lacked jurisdiction to consider the merits of Pratt's second PCRA petitions. We therefore affirm its order denying post-conviction relief. *See Commonwealth v. Benner*,

- 5 -

147 A.3d 915, 919 (Pa. Super. 2016) (reiterating that, on appeal in PCRA proceedings, the Superior Court may affirm a PCRA court's decision in any grounds if the record supports it).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2021